**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD JOHNSON,

    Plaintiff,

  v.

CHERYL WALKER-JOHNSON and
JESUS M. MALDONADO, Esq.,

    Defendant.

No. C 11-01777 WHA

**ORDER DISMISSING
THE COMPLAINT AND
DENYING RENEWED
REQUEST TO PROCEED
IN FORMA PAUPERIS**

    Plaintiff Ronald Johnson's request to proceed in forma pauperis was denied on April 12. Three days later, Johnson filed a motion for reconsideration of the denial. Johnson's instant motion is procedurally defective, because Johnson neither sought nor received leave to file a motion for reconsideration as required by Civil Local Rule 7-9. Nonetheless, as a concession to the shortness of life, the substance of Johnson's most recent filing will be considered and disposed of on the merits.

    The order denying Johnson's original application for leave to proceed in forma pauperis made the following findings: "Johnson reports that his wife earns a salary of $48,000 per year and that he owns a 2001 Chrysler Sebring automobile. These facts do not support a finding that Johnson is indigent and unable to pay the filing fees." (Dkt. No. 5). Johnson's motion for reconsideration clarifies his financial circumstances as follows: "I am in the middle of a divorce, I'm separated from my wife and she cut me off her health plan. I'm seeking $720 per month and

1  to be placed back on her health plan.  Your Honor, right now I'm out of work, I just got out of the
2  hospital for diabetes, high blood pressure, and a Liver condition." (Dkt. No. 6).  In contrast to
3  Johnson's original application, this new information *would* support a finding that he is unable to
4  pay the filing fees.  Granting Johnson's renewed request to proceed in forma pauperis, however,
5  would be an exercise in futility.

6        Once an application to proceed in forma pauperis is filed, the complaint may be dismissed
7  prior to service of process if the claims are "frivolous or malicious."  28 U.S.C. 1915(e)(2)(B)(i);
8  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  Here, Johnson's complaint does not state any
9  cognizable claim of which this district court would have jurisdiction.  As such, it is frivolous.

10        The complaint purports to advance two claims for relief.  In the second count, Johnson
11  claims that his ex-wife and her lawyer have violated his equal-protection rights under the
12  Fourteenth Amendment by failing to comply with a court order in another action (Compl. ¶¶ 5–7).
13  The Equal Protection Clause reaches only state actors.  *Fitzgerald v. Barnstable Sch. Comm.*,
14  555 U.S. 246, 796 (2009).  Defendants are not state actors.  Johnson alleges no facts that could
15  support a finding that his ex-wife or her lawyer acted on behalf of the government in supposedly
16  disobeying a court order.

17        In the first count, Johnson claims that his ex-wife discontinued his health plan "in
18  violation of State Law" (Compl. ¶¶ 2–4)  The court lacks subject-matter jurisdiction of this claim.
19  United States district courts have original federal-question jurisdiction "of all civil actions arising
20  under the Constitution, laws, or treaties of the United States."  28 U.S.C. 1331.  Because count
21  one is based on "State Law" it does not "arise under" the federal laws.  There is no federal-
22  question jurisdiction.  United States district courts have original diversity jurisdiction "of all civil
23  actions where the matter in controversy exceeds the sum or value of $75,000" and is between
24  parties of diverse citizenship.  28 U.S.C. 1332.  Here, Johnson states that all parties are citizens of
25  California, and he pleads as damages only "a sum in excess of $50,000.00" (Compl. ¶ 1).  There
26  is no diversity jurisdiction.  Because count two fails to state a claim as a matter of law, there is no
27  possibility for exercising pendent jurisdiction over the first count, either.

28

The complaint is **DISMISSED**. Plaintiff's renewed request to proceed in forma pauperis is **DENIED AS MOOT**. Within **FOURTEEN CALENDAR DAYS** plaintiff may seek leave to file an amended complaint. If plaintiff chooses to do so, he should file a motion for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendments to the complaint address the problems identified in this order. If no such motion is filed, or if the proposed amended complaint still fails to state a claim, the case will be closed.

**IT IS SO ORDERED.**

Dated: April 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE